IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FAYODIS THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-0367-CV-W-ODS |
| ) | |
| JO ANNE BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND
REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits under the Social Security Act. The Court solicited additional briefing; having reviewed the supplemental briefs and re-reviewed the Record and the parties' initial briefs, the Court reverses the Commissioner's final decision denying benefits and remands for further proceedings.

Plaintiff contends[1] he meets or equals the impairment in Listing 12.05C, which requires an "IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." The ALJ gave Plaintiff the benefit of the doubt and assumed his three IQ scores (of 72, 66, and 68) satisfied the first component of the Listing, but held Plaintiff did not demonstrate "deficits in adaptive functioning." R. at 15. This phrase appears in Listing 12.05's introductory paragraph, which states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."

---

[1]As discussed in the Court's November 29, 2006, Order, Plaintiff presented additional arguments at the administrative level but did not raise them on appeal to ths Court. These additional arguments need not be discussed further in this proceeding.

In February 2006 – after the ALJ issued her decision – the Eighth Circuit decided the introductory paragraph mandates developmental deficits be manifested before age twenty-two, but does not require a formal diagnosis of retardation. Maresh v. Barnhart, 438 F.3d 897, 899 (2006). The Court summarized the requirements for Listing 12.05(C) as follows: "(1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. In applying the second component, the Court focused the claimant's functional capacity before age twenty-two and further described its inquiry as one intended to determine whether the claimant "exhibited deficits in adaptive functioning at a young age . . . ." Id. at 900. The Court of Appeals did not simply rely on the claimant's IQ scores for this component; the IQ scores were relied upon to satisfy the first component only. This analysis makes sense in light of Maresh's holding that the introductory paragraph's requirement that the claimant exhibit "deficits in adaptive functioning initially manifested" before age twenty-two is mandatory.

The Court interprets Maresh as requiring proof of *both* (1) the requisite IQ score and (2) deficits in adaptive functioning. Moreover, both components must be demonstrated to have existed prior to the claimant's twenty-second birthday. Deficits in adaptive functioning are not presumed simply based on the IQ score; if this showing were sufficient, then there would have been no need for the Maresh court to discuss additional facts surrounding the claimant's functional abilities. Moreover, Maresh rejected the claimant's argument that he only needed to demonstrate an IQ score between sixty and seventy and an additional significant limitation of function, id. at 899, further demonstrating the IQ score, alone, is insufficient.

In the case at bar, the Commissioner concedes Plaintiff had the requisite IQ scores and has a physical or other mental impairment that limits his ability to work. At issue is whether the Record supports the ALJ's finding that Plaintiff did not demonstrate deficits in adaptive functioning prior to age twenty-two. The problem is that the Commissioner now – as did the ALJ – focuses on facts about Plaintiff's life *after* he turned twenty-two. E.g., R. at 15; Defendant's Supplemental Brief at 2-3. Maresh

demonstrates this is not the proper focus; the proper focus is whether Plaintiff manifested deficits in adaptive functioning while he was of developmental age.

The Record is not adequate to support a finding in favor of either party – but this is largely because the ALJ did not have the benefit of <u>Maresh</u> at the time a decision was made. The Commissioner's final decision must be reversed. The case is remanded for further development of the Record and reconsideration in light of <u>Maresh</u> and this Order.

IT IS SO ORDERED.

                                                 /s/ <u>Ortrie D. Smith</u>
                                                 ORTRIE D. SMITH, JUDGE
DATE: January 18, 2007                       UNITED STATES DISTRICT COURT

3

Case 4:06-cv-00367-ODS   Document 16   Filed 01/18/07   Page 3 of 3